1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH HENRICKS,<br><br>                Plaintiff,<br><br>v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION, a California state agency; and MICHAEL PICKER,<br><br>                Defendants. | Case No.: 17cv2177-MMA (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION; AND**<br><br>[Doc. No. 5]<br><br>**DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Doc. No. 6] |

18  Plaintiff Ruth Henricks ("Plaintiff") filed a Complaint against Defendants

19  California Public Utilities Commission and Michael Picker (collectively, "Defendants")

20  alleging claims for declaratory and injunctive relief for violations of Plaintiff's equal

21  protection and due process rights under the Fourteenth Amendment to the United States

22  Constitution. *See* Doc. No. 1 (hereinafter "Complaint"). Defendants now move to

23  dismiss Plaintiff's Complaint for lack of jurisdiction pursuant to Federal Rule of Civil

24  Procedure 12(b)(1). *See* Doc. No. 5. Plaintiff filed an opposition to Defendants' motion,

25  to which Defendants replied. *See* Doc. Nos. 7, 9. Defendants also filed a motion for

26  sanctions pursuant to Federal Rule of Civil Procedure 11. *See* Doc. No. 6. Plaintiff filed

27  an opposition to Defendants' motion for sanctions, to which Defendants replied. *See*

28  Doc. Nos. 10, 14. The Court found both matters suitable for determination on the papers

and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. Nos. 13, 15. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss, and **DENIES** Defendants' motion for sanctions.

<u>BACKGROUND</u>

Plaintiff is an individual residing in the County of San Diego.  Complaint ¶ 13. Plaintiff is a San Diego Gas & Electric ("SDG&E") customer and ratepayer.  *Id.* Defendant California Public Utilities Commission ("Commission" or "CPUC") is an agency of the State of California.  *Id.* ¶ 14.  The Commission has authority over public utility practices, facilities, and retail rates under the California Constitution and California's Public Utilities Code.  *See* Cal. Const., art. XII; Cal. Pub. Util. Code §§ 451, 701.  SDG&E is a public utility subject to the Commission's jurisdiction.  *See* Cal. Pub. Util. Code § 216(a) (defining public utility).  Defendant Michael Picker ("Picker") is the President of the Commission.  Complaint ¶ 18.

Beginning on October 21, 2007, SDG&E equipment ignited the destructive Witch, Guejito, and Rice fires in San Diego County.  *Id.* ¶ 28.  In September 2015, SDG&E "initiated a reasonableness review of its uninsured 2007 fire losses in proceeding A.15-09-010."[1]  *Id.* ¶ 5.  In this proceeding, the Commission is tasked with "determin[ing] whether SDG&E imprudently operated its electricity equipment when that equipment started the San Diego fires of 2007.  SDG&E claimed it acted prudently and therefore was entitled to recover, from its ratepayers and fire victim[s], losses of $379,000,000 claimed to have been incurred beyond that covered by SDG&E's insurance."  *Id.* ¶ 3. Plaintiff filed a motion for party status in October 2015, which the Commission granted in February 2016.  *Id.* ¶ 5.

In April 2016, the assigned Administrative Law Judge ("ALJ") "issued a Scoping

---

[1] SDG&E initiated a similar proceeding several years prior seeking recovery related to the 2007 fires.  *See id.* ¶ 4.  The Commission "denied SDG&E any recovery in the first proceeding (A.09-080-20) on 28 December 2012."  *Id.*  Moreover, the Commission ruled that "any future SDG&E fire cost recovery proceedings would be subject to a 'reasonableness review.'"  *Id.*

Ruling that implemented a two-phase approach" for proceeding A.15-09-010. *Id.* ¶ 6. In the first phase, the ALJ tasked the parties with addressing "[w]hether SDG&E's operation, engineering and management of the facilities alleged to have been involved in the ignition of the fires was reasonable." *Id.* Proceeding A.15-09-010 was reassigned to ALJ Pat Tsen and ALJ Pro Tem Sasha Goldberg in October 2016. *Id.* ¶ 8. In January 2017, evidentiary hearings related to this proceeding were held in San Francisco. *Id.* "The record for Phase 1 of this proceeding was submitted for . . . consideration on 6 July 2017." *Id.*

On August 22, 2017, ALJs Tsen and Goldberg issued a decision finding that SDG&E did not reasonably manage and operate its facilities prior to the 2007 San Diego fires, thereby denying SDG&E's request to recover costs. *See id.* ¶ 9. The Commission was "scheduled to approve the ALJs' proposed decision denying SDG&E any further 2007 fire cost recovery" on September 28, 2017, at the Commission's meeting in Chula Vista. *Id.* ¶ 10. The Commission, however, did not issue its decision at the September 28, 2017 meeting. Rather, the Commission allegedly deliberately delayed voting on the decision "so as to provide an opportunity for SDG&E and its utilities monopoly kin . . . to meet privately with the Commissioners and lobby against the ALJs' proposed decision[.]" *Id.* ¶ 11.

Plaintiff alleges that the Commission "engaged in a series of actions in violation of the due process and equal protection clauses of the 14th Amendment to the United States Constitution, all of which were aimed at denying SDG&E utility customers the benefit of the 22 August 2017 decision." *Id.* ¶ 36. Specifically, on September 5 and 6, 2017, SDG&E representatives "had five individual Ex Parte communications in meetings with CPUC Commissioner advisers." *Id.* ¶ 37. In these meetings, SDG&E representatives requested that the proposed decision by the ALJs "not be adopted by the Commission because it commits legal error by failing to address the critical legal issue of the relationship between inverse condemnation and cost recovery, does not correctly apply the reasonableness standard, and contains factual errors in its review of and conclusions

regarding the record evidence[.]" *Id.* ¶ 39. Thus, the SDG&E representatives requested that the Commission "permit SDG&E to spread the San Diego 2007 fire losses through rates." *Id.* ¶ 41.

Additionally, on September 11, 2017, Pacific Gas & Electric ("PG&E") and Southern California Edison ("SCE") "filed for party status" in the A.15-09-010 proceeding and sought leave to submit comments. *Id.* ¶ 45. On September 26, 2017, the Commission, under Picker's discretion, granted party status to PG&E and SCE "for the limited purpose of filing comments on the legal issue of inverse condemnation from the existing record." *Id.* ¶ 48. Plaintiff claims that the issue of inverse condemnation is outside the scope of the evidentiary hearing; thus, Plaintiff "objected in writing to SDG&E's insertion of the inverse condemnation in the proceedings post trial." *Id.* ¶¶ 49, 51. The Commission granted PG&E and SCE permission to file comments on the inverse condemnation issue by October 4, 2017. *See id.* ¶ 54. On October 4, 2017, PG&E "filed for itself and for SCE a pleading in A.15-09-010 that improperly inserted the inverse condemnation issue into the case." *Id.* ¶ 55.

As a result, Plaintiff commenced the instant action on October 24, 2017, alleging that in violation of her rights, the Commission has "decided to relieve SDG&E from the proposed decision that makes SDG&E, and not the ratepayers, bear the costs of the fires for which they were found to have acted unreasonably and imprudently." *Id.* ¶ 59. In her prayer for relief, Plaintiff requests the Court issue an order declaring that Defendants "violated fundamental principles of the Due Process and Equal Protection[2] Clauses of the United States Constitution" and declaring that Defendants "violated the statutory, contractual, and Constitutional rights of Plaintiff." Complaint at 21. Moreover, Plaintiff requests the Court enjoin Defendants from seeking to enforce "a decision to charge

---

[2] Notably, Plaintiff does not elaborate in her Complaint or opposition to Defendants' motion to dismiss the basis for the alleged violations of the Equal Protection Clause of the United States Constitution.

ratepayers with any part of the $379 million for the SDG&E 2007 fires[.]" *Id.*
Defendants contend that Plaintiff's claims are now moot in light of the Commission's
November 30, 2017 decision denying SDG&E rate recovery for the costs of the 2007
Witch, Guejito, and Rice fires. *See* Doc. No. 5-1. Defendants have also filed a motion
for sanctions against Plaintiff's attorneys, arguing that "[n]o reasonable attorney would
continue to prosecute a lawsuit that was so obviously non-justiciable." Doc. No. 6-1.
The Court addresses Defendants' motions in turn.

### DEFENDANTS' MOTION TO DISMISS

**A.** **Legal Standard**

 **1.** **Judicial Notice**

  Generally, a court must take judicial notice if a party requests it and supplies the
court with the requisite information. Fed. R. Evid. 201(d). "A judicially noticed fact
must be one not subject to reasonable dispute in that it is either (1) generally known
within the territorial jurisdiction of the trial court or (2) capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be questioned."
Fed. R. Evid. 201(b); *see Mack v. South Bay Beer Distributors,* 798 F.2d 1279, 1282 (9th
Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70
(9th Cir. 1956)). While a court may take judicial notice of matters of public record, it
may not take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid.
201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

 **2.** **Rule 12(b)(1)**

  "Article III of the Constitution limits federal-court jurisdiction to 'cases' and
'controversies.'" *Campbell-Ewald Co. v. Gomez*, — U.S. —, 136 S. Ct. 663, 669 (2016).
"Thus, '[t]o qualify as a case fit for federal-court adjudication, an actual controversy must
be extant at all stages of review, not merely at the time the complaint is filed.'"
*Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (quoting *Davis v. Fed. Election
Comm'n*, 554 U.S. 724, 732-33 (2008)).

  "Lack of standing is a defect in subject-matter jurisdiction and may be properly

challenged under [Federal] Rule [of Civil Procedure] 12(b)(1)." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1199 (D. Nev. 2009) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the challenge to jurisdiction is a facial attack . . . the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012) (internal citation and quotation omitted). "Lack of standing is a defect in subject-matter jurisdiction and may be properly challenged under Rule 12(b)(1)." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1199 (D. Nev. 2009) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

**B.   Analysis**

**1.   Requests for Judicial Notice**

As an initial matter, Defendants and Plaintiff have filed separate requests for judicial notice. *See* Doc. Nos. 5-2, 7-4. Specifically, Defendants request the Court take judicial notice of the Commission's November 30, 2017 order denying SDG&E rate recovery for the costs of the 2007 Witch, Guejito, and Rice fires (Exhibit A). *See* Doc. No. 5-2 (hereinafter "DRJN"). Plaintiff did not file an opposition to Defendants' request for judicial notice. In fact, Plaintiff also requests that the Court take judicial notice of excerpts from the Commission's order. *See* Doc. No. 7-4 at 3. Because the Commission's decision is a publicly available document, and not subject to reasonable dispute, the Court **GRANTS** Defendants' request for judicial notice as to Exhibit A. *See W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008) ("We take

judicial notice of the [C]PUC's order because its existence is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992)).

Plaintiff requests the Court take judicial notice of fourteen (14) documents (Exhibits 1-14) in support of her opposition to the motion to dismiss. *See* Doc. No. 7-4. Specifically, Plaintiff requests the Court take judicial notice of excerpts of the Commission's order, various emails, CPUC documents, state court records, an order from the 9th Circuit relating to the San Onofre nuclear plant proceedings, pleadings, newspaper articles, and SCE and PG&E's application for rehearing in Proceeding A.15-09-010. Aside from the Commission's November 2017 order which the Court has already taken judicial notice of, the Court does not rely on these exhibits in reaching its conclusion below. As such, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice.

### 2. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's claims for injunctive and declaratory relief as moot. *See* Doc. No. 5-1. Specifically, Defendants indicate that "[o]n November 30, 2017, by a 5-0 vote, the Commission confirmed the draft decision and denied SDG&E's application." *Id.* at 4; *see also* DRJN. The Commission found that SDG&E "did not reasonably manage and operate its facilities prior to the 2007 Southern California Wildfires" and that rate recovery was therefore inappropriate. DRJN at 2. The Commission further noted that "[t]his proceeding is closed." *Id.* Thus, Defendant contends that "[b]ecause the Commission has already concluded its administrative proceeding in a manner entirely favorable to [Plaintiff], [her] claims [for injunctive and declaratory relief] are moot." Doc. No. 5-1 at 4.

Plaintiff alleges that the Commission has permitted SCE and PG&E to file a joint application for rehearing on January 2, 2018. *See* Doc. No. 7 at 5. As such, Plaintiff maintains that her claims are not moot as the Commission "must now determine whether

to grant or deny the rehearing and in so doing, provide the legal and factual grounds for its decision." *Id.*; *see also* Cal. Code Regs. tit. 20, § 16.1.

### a. Plaintiff's Claim for Injunctive Relief is Moot

Defendants assert that Plaintiff's request for injunctive is moot because the Commission has already denied rate recovery. As such, Plaintiff "has received all of the relief she could get through her proposed injunction[.]" Doc. No. 5-1 at 5. In opposition, Plaintiff asserts "[t]he case is not over; it has entered the 'rehearing' stage." Doc. No. 7 at 1.

"Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted). "[F]ederal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.* "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). When the issues presented are no longer live or the parties lack a cognizable interest in the outcome, the action fails to contain a "case or controversy" under Article III of the United States Constitution. *See In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (citation omitted); U.S. Const. art. 3, § 2. "The mootness doctrine 'requires that an actual, ongoing controversy exist at all stages of federal court proceedings.'" *Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).

Here, Plaintiff initially requested that the Court enjoin Defendants from seeking to enforce "a decision to charge ratepayers with any part of the $379 million for the SDG&E 2007 fires, or to act as described in Plaintiff's claim for declaratory relief." Complaint at 21. Defendants claim Plaintiff's claim is moot because on November 30,

2017, the Commission "denie[d] [SDG&E's] request to recover costs recorded in its Wildfire Expense Memorandum Account." DRJN at 2. Plaintiff concedes as much in requesting that the Court "look beyond the mere fact of the CPUC's issuance of a *final decision.*" Doc. No. 7 at 6 (emphasis added). Thus, Plaintiff has already obtained the original relief requested.

Plaintiff now requests that the Court enjoin the Commission "from adopting a decision other than the one [already] reached by the CPUC . . . ." *Id.* at 2. Specifically, in her opposition to the instant motion, Plaintiff expands her request for relief, suggesting that the Court "could . . . provide declaratory and injunctive relief preventing injury to plaintiffs' due process rights on a going forward basis by requiring" the Commission to: (1) remove SCE and PG&E as parties to the proceeding, (2) no longer consider any arguments raised by these parties, including inverse condemnation, and (3) deny SCE and PG&E's request for rehearing. *Id.* at 5. Plaintiff, however, fails to show she is under the threat of suffering a concrete and particularized injury in fact that is not speculative or hypothetical for several reasons. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

First, in its decision denying SDG&E's application for relief, the Commission expressly stated, "[t]his proceeding is closed." DRJN at 2. CPUC decisions are final when they are issued. *See* Cal. Pub. Util. Code § 1735 (indicating that an application for rehearing does "not excuse any corporation or person from complying with and obeying any order or decision" of the commission). Second, the Commission explained that "Inverse Condemnation was *not a material issue* in Phase 1 and did not merit a dedicated discussion. Notably, even SDG&E *withdrew* its testimony concerning Inverse Condemnation for purposes of Phase 1." DRJN at 65 (emphasis added). Third, whether the Commission at some point in the future grants the request for a rehearing, *and then* reverses its November 2017 decision is entirely speculative. Pursuant to Section 1731(b)(1) of the California Public Utility Code, "[a]fter an order or decision has been made by the commission, a party . . . may apply for a rehearing in respect to matters

determined in the action or proceeding and specified in the application for rehearing." Cal. Pub. Util. Code § 1731(b)(1). "The commission *may* grant and hold a rehearing on those matters, if in its judgment sufficient reason is made to appear." Cal. Pub. Util. Code § 1731(b)(1) (emphasis added). As such, Plaintiff fails to point to any "actual and imminent" threat that is not "conjectural or hypothetical." *Summers*, 555 U.S. at 493. The Supreme Court has made clear that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Accordingly, in light of the Commission's 5-0 decision denying SDG&E's application, and Plaintiff's failure to point to continuing, present adverse effects, Plaintiff's claim for injunctive relief is moot. *See Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1142 (9th Cir. 2016) (noting that "[w]hen a plaintiff has received 'all the relief [he] could win on the merits,' an adjudication would have 'no consequences on remaining related disputes between the parties' and 'nothing further would be ordered by the court, there is no point in proceeding to decide the merits.'") (quoting 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.2 (3d ed. 2015)).

### b. Plaintiff's Claim for Declaratory Relief is Moot

Defendants further claim that Plaintiff's request for declaratory relief is moot because "[e]ven assuming the Commission violated Henricks' procedural rights, there are no future adverse effects flowing from that violation that this Court could remedy." Doc. No. 5-1 at 7. Plaintiff, in opposition, contends "the original requested relief of injunctive and declaratory relief to prevent any of the $379 million at stake in the administrative proceeding at issue being assessed against ratepayers remains available." Doc. No. 7 at 8.

The Ninth Circuit has indicated that "where, as here, both injunctive and declaratory relief are sought but the request for injunctive relief is rendered moot, the case is not moot if declaratory relief would nevertheless provide meaningful relief." *Ctr.*

*For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007). The test for mootness when a plaintiff seeks declaratory relief is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1174-75 (9th Cir. 2002) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). "Stated another way, the 'central question' before [the court] is 'whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" *Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc) (quoting *West v. Sec'y of the Dep't of Transp.,* 206 F.3d 920, 925 n. 4 (9th Cir. 2000)).

Here, Plaintiff requests that the Court declare that: (1) Defendants violated fundamental principles of the Due Process and Equal Protection Clauses of the United States Constitution; and (2) Defendants violated the statutory, contractual, and Constitutional rights of Plaintiff. *See* Complaint at 21. Plaintiff summarily concludes that "[b]ecause of the availability of relief as to *future* conduct in the administrative proceeding at issue, the case is not moot." Doc. No. 7 at 6 (emphasis added). The Court is not persuaded.

As Defendants note, even assuming Defendants violated Plaintiff's procedural due process rights, there are no concrete future adverse effects flowing from such a violation that the Court could remedy. The Commission issued its decision, and the proceeding is closed. *See* DRJN at 2. Whether the Commission will grant SCE and PG&E's joint application for rehearing is unclear. Even assuming that the Commission grants the application for a rehearing, Plaintiff does not contest that she has the right to participate in the rehearing through written briefing and oral argument. *See* Cal. Code Regs., tit. 20, §§ 16.1(d), 16.3(b), 16.4(f). Plaintiff's argument that the alleged due process violations will taint the administrative proceeding going forward is "speculative at best;" thus, the Court "lack[s] the power to grant any effective relief." *Feldman v. Bomar*, 518 F.3d 637,

643 (9th Cir. 2008); *see also Ctr. For Biological Diversity*, 511 F.3d at 964 ("That the DPS Policy *might* adversely affect the Southern Resident's endangered species status or the Service's listing determination of certain *other* killer whale populations at some indeterminate time in the future is too remote and too speculative a consideration to save this case from mootness.") (emphasis in original).

Accordingly, because there is no present controversy as to which effective relief can be granted, the Court finds that Plaintiff's claim for declaratory relief is moot. *See Feldman*, 518 F.3d at 643 (indicating that a claim for declaratory relief is moot when the alleged future harm is "so remote and speculative that there is no tangible prejudice to the *existing interests* of the parties") (internal citations and quotation marks omitted) (emphasis in original).

### 3. Conclusion

In sum, the Court finds that Plaintiff's claims for injunctive and declaratory relief are moot. The Commission issued its final decision on November 30, 2017, and the case is closed. Plaintiff's arguments regarding the application for rehearing are speculative and hypothetical.[3] Accordingly, the Court **GRANTS** Defendants' motion to dismiss.

---

[3] Plaintiff argues for the first time in her opposition to Defendants' motion for sanctions that two exceptions to the mootness doctrine apply. Specifically, Plaintiff asserts that her "Complaint validly alleges the existence of collateral injuries and voluntary cessation, both established exceptions to the doctrine of mootness." Doc. No. 10 at 1. Despite the fact that Plaintiff could have raised these arguments in her opposition to Defendants' motion to dismiss, Plaintiff failed to do so. Even if the Court were to consider such arguments, neither exception is applicable here. The collateral injury exception to the mootness doctrine applies when a plaintiff continues to suffer collateral legal consequences after the plaintiff's primary injury has been resolved. *See In re Burrell*, 415 F.3d at 998. Because Plaintiff's argument regarding the rehearing and other future proceedings is speculative, this exception does not apply. *See id.* (noting that a plaintiff "may not invoke" this exception "when such harm is merely hypothetical and speculative."). Moreover, the voluntary cessation exception to the mootness doctrine applies if a defendant voluntarily halts an offending practice, but is free to resume it at any time. *See U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). Here, it is not Defendants' voluntary conduct that moots Plaintiff's claims, nor do Defendants contend that they engaged in any voluntary conduct that moots such claims. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("[O]ur cases have explained that a defendant *claiming* that its *voluntary compliance* moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.") (internal quotation marks omitted) (emphasis added)). Rather, the

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants request that the Court sanction Plaintiff's attorneys, Mr. Michael Aguirre and Ms. Maria Severson, in the amount of $1,000 each. *See* Doc. No. 6-1. Defendants contend that "[n]o reasonable attorney would continue to prosecute a lawsuit that was so obviously non-justiciable." *Id.* at 1. In opposition, Plaintiff's counsel claims that the Complaint is neither frivolous nor filed for an improper purpose. *See* Doc. No. 10.

## A. Legal Standard

Federal Rule of Civil Procedure 11 states in pertinent part that when an attorney presents a signed paper to a court, that attorney is certifying to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4).

Sanctions under Rule 11 are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for

---

Commission issued a decision, as required by CPUC regulations, on the ALJ's proposed decision in favor of Plaintiff. Therefore, both exceptions relied on by Plaintiff are inapplicable.

an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing *Conn v. Borjorquez*, 967 F.3d 1418, 1420 (9th Cir. 1992); *Operating Eng'rs Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). A filing is "frivolous" when it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1992). Either improper purpose or frivolousness is sufficient to sustain a sanction. *Id.*

When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Warren*, 29 F.3d at 1389. A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987)) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). "Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Odish v. CACH, LLC*, No. 12-CV-1710-AJB (DHB), 2012 WL 5382260, at *3 (S.D. Cal. Nov. 1, 2012). Where such a violation is found, Rule 11 provides that "the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added).

**B.** **Analysis**

**1.** **Plaintiff's Request for Judicial Notice**

Plaintiff requests the Court take judicial notice of twenty-one (21) documents in support of her opposition to the instant motion (Exhibits 1-21). *See* Doc. No. 10-5. Specifically, Plaintiff requests the Court take judicial notice of various transcripts, emails, newspaper articles, press releases, the proposed decision in CPUC proceeding 15-09-010, a Ninth Circuit opinion related to the San Onofre nuclear plant proceedings, and a denial of party status in the San Onofre proceedings. *See id.* The Court need not rely on these documents in reaching its conclusion below. Accordingly, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice as to Exhibits 1-21.

Plaintiff further requests the Court take judicial notice of the Commission's motion to dismiss in this case, Plaintiff's opposition to the motion to dismiss, and Plaintiff's Complaint. *See id.* The Court need not take judicial notice of pleadings filed on the docket in this case. *Cf. Asdar Grp. V. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (noting that a court may take judicial notice of pleadings and court orders in *related* proceedings) (emphasis added). As such, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice as to the documents filed on the docket in this case.

### 2. Defendants' Motion for Sanctions

Defendants contend that sanctions under Rule 11 are warranted because: (1) Plaintiff's Complaint is frivolous; and (2) the Complaint was brought for an improper purpose. The Court addressed Defendants' arguments in turn.

Here, upon review of Plaintiff's Complaint, the Court finds that sanctions are not warranted. First, the Court finds that Plaintiff's Complaint is not frivolous. At the time Plaintiff filed her Complaint, the Commission had not yet issued its decision. Defendants argue that Plaintiff's counsel should have dismissed the Complaint once the Commission issued its decision. However, Plaintiff maintains that the Court can still provide injunctive and declaratory relief because exceptions to the mootness doctrine apply. *See* Doc. No. 10 at 16-17. While the Court disagrees with Plaintiff and concludes that her claims are moot, the Court is not persuaded that Plaintiff's claims are baseless. This is not a case in which Plaintiff's counsel filed a Complaint that they should have known was frivolous "in the face of previous dismissals involving the exact same parties under the same legal theories." *Warren*, 29 F.3d at 1390 (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). Therefore, because the Court finds that Plaintiff's Complaint is not baseless, the Court need not address whether counsel conducted a reasonable inquiry. *See Townsend*, 929 F.2d at 1362 (noting that a filing is frivolous only when it is "*both* baseless and made without a reasonable and competent inquiry.") (emphasis added).

Second, the Court finds that Plaintiff's Complaint was not filed for an improper purpose. Defendants present no evidence, aside from arguing that Plaintiff's claims are moot, that Plaintiff filed her Complaint to "harass or to cause unnecessary delay or needless increase in the cost of litigation." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003). To the contrary, at the time Plaintiff commenced the instant action, the Commission had not yet issued its decision. Moreover, Plaintiff asserts that the Court can still provide injunctive and declaratory relief. *See* Doc. No. 10 at 16-17. While the Court ultimately disagrees with Plaintiff's arguments, the Court finds that Plaintiff's Complaint was not filed for an improper purpose.

### 3.   Conclusion

Accordingly, because the Court finds that Plaintiff's Complaint is not frivolous, and that Plaintiff's Complaint was not filed for an improper purpose, the Court **DENIES** Defendants' motion for sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction without prejudice[4] and without leave to amend. *See Hamamoto v. Ige*, No. 14-CV-491 DKW, 2015 WL 770346, at *9 n.6 (D. Haw. Feb. 23, 2015) (denying the plaintiff's request for leave to amend where the plaintiff's claims are moot because it would be futile to allow an amended complaint that lacks subject matter jurisdiction), *aff'd*, 881 F.3d 719 (9th Cir. 2018). Additionally, the Court **DENIES** Defendants' motion for sanctions. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

Dated: May 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[4] "Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'" *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).